## BROWN *versus* CLAY.

If an action be referred by a rule of court, which contains no restriction upon the powers of the referee, his award upon the *law*, as well as upon the *facts*, is conclusive.

COVENANT BROKEN. The action was referred to the Hon. Ashur Ware, by a rule of court, containing no restriction upon his powers, as referee.

His award was made in favor of the plaintiff, for $1548,60 damage, with costs of court, and of reference.

At the request of the defendant's counsel, the referee put into writing an exposition of the views and considerations upon which the award was founded. It was under the caption of " Mem. for counsel, in the case of *Brown* v. *Clay.*" It was without signature, and the award contained no reference to it.

*Evans*, for defendant, moved that the award be set aside, and urged the following positions : —

1. That the "exposition" was so allied to the award, as to open to the revision of the court, the legal views upon which the award was founded, and that it was to be regarded as a submission to the court, for a correction of those views, if erroneous.

2. That those legal views were erroneous, and operated to the great injury of the defendant.

Upon this second position, the court gave no opinion. The arguments and authorities presented in support of it, are therefore omitted.

Upon the first point, WELLS, J. delivered the opinion of the court, orally.

The question presented, relates to the power of the court, over awards of referees, when said to be decided upon erroneous views of the law.

The referee, at the request of the defendant's counsel, has furnished an exposition of the legal views, upon which he acted. But it is not made a part of the award, nor adverted to in it. There are no conditions, no alternatives in the award.

It is contended that the referee erred in relation to a position in law, in construing the contract between the parties ; and that that error has grievously injured the defendant.

That question of law, with the views of counsel upon it, has been fully presented to us. It seems to be a question of difficulty ; one concerning which legal men might differ. Such questions must be submitted to some tribunal. The

parties have established a tribunal of their own to settle it. In giving power to the referee, there was no restriction, no reservation. His authority over the subject was supreme. Upon his decision, no tribunal known to the law, can sit in judgment. It was his to decide the law, as well as the fact.

*Report accepted.*

*Whitmore,* for plaintiff.